IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


UNITED STATES OF AMERICA,

      Plaintiff,

  v.                          CRIMINAL NO. 1:16-CR-61
                                  (KLEEH)

RUSSELL CARY OWENS,

      Defendant.

---

RUSSELL CARY OWENS,

      Petitioner,

  v.                          CIVIL NO. 1:25-CV-70
                                  (KLEEH)

UNITED STATES OF AMERICA,

      Respondent.

---

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION, OVERRULING OBJECTIONS, AND
DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2255**

Pending before the Court is a petition under 28 U.S.C. § 2255 filed by Russell Cary Owens ("Owens"). For the reasons discussed herein, the petition is **DENIED** and **DISMISSED** with prejudice.

## I.   BACKGROUND

On August 17, 2016, the grand jury returned a one-count indictment charging Owens with being a Prohibited Person in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1)

**RUSSELL CARY OWENS**                                    **1:16-CR-61, 1:25-CV-70**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION, OVERRULING OBJECTIONS, AND
DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2255**

and 924(a)(2).  See ECF No. 1.[1]  The indictment alleged that Owens was prohibited from possessing a firearm due to two prior felony convictions: (1) False Statement to Obtain Property or Credit and (2) Bank Fraud.  See id.

On November 2, 2016, pursuant to a written plea agreement, Owens pleaded guilty to Count One.  See ECF No. 27.  On March 1, 2017, the Court sentenced Owens to a period of 12 months of incarceration, to run consecutively to any state sentence imposed. See ECF No. 43.  The Court also imposed a two-year period of supervised release.  See id.  Owens did not appeal his conviction and sentence.  On July 28, 2025, Owens filed a pro se petition under 28 U.S.C. § 2255 (the "Petition").  See ECF No. 52.  In it, he argues that his counsel was ineffective by failing to investigate and discover evidence of his service-related psychological and neurological issues.  See id.  Owens also filed a motion requesting appointment of counsel.  See ECF No. 56.  On August 21, 2025, Owens filed his Petition on a Court-approved form. See ECF No. 61.  On September 29, 2025, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending that the Court deny and dismiss the Petition.  See ECF No. 62.  Owens filed

---

[1] Unless otherwise noted, all docket numbers refer to Criminal Action No. 1:16-CR-61.

**RUSSELL CARY OWENS**                                        **1:16-CR-61, 1:25-CV-70**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION, OVERRULING OBJECTIONS, AND
DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2255**

a motion to exceed the page limit for objections to the R&R, which the Court hereby grants.  See ECF No. 67.  The Court will fully consider Owens's objections filed at ECF No. 68.  It notes that Owens references an additional "38 pages" of objections, which are not on the docket.  Still, as discussed below, the Court will conduct a de novo review of the R&R.

**II.   REPORT AND RECOMMENDATION AND OBJECTIONS**

In the R&R, the Magistrate Judge first recommends that the Court deny Owens's request for counsel.  He then finds that the Petition fails on the merits and recommends that it be denied.

The R&R informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection."  R&R, ECF No. 62, at 9.  It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals."  Id.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made.  28 U.S.C. § 636(b)(1)(C).  Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's

3

**RUSSELL CARY OWENS**                                         **1:16-CR-61, 1:25-CV-70**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION, OVERRULING OBJECTIONS, AND
DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2255**

recommendations" to which there are no objections.  Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).  Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous.  See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).  On December 15, 2025, Owens filed objections to the R&R.  See ECF No. 68.  Out of an abundance of caution, the Court will conduct a de novo review of the R&R.

### III. DISCUSSION

As discussed below, the Court agrees with the Magistrate Judge's conclusions.  Even assuming, as the Magistrate Judge does, that the Petition is timely, it fails.

Owens asserts that his counsel was ineffective by failing to investigate and discover evidence of his service-related psychological and neurological issues.  He asserts that the issues had a "significant impact on his cognitive and executive function at the time of his crime(s) . . . thereby mitigating the outcome of his proceedings."  See ECF No. 61 at 6.  On December 31, 2024, he received a diagnosis of PTSD "stemming from a history of combat and training related traumas."  Id.  On February 24, 2025, he was diagnosed with "T2 prolongation of periventricular and subcortical

4

**RUSSELL CARY OWENS**                                    **1:16-CR-61, 1:25-CV-70**

### MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2255

white matter likely from a seauela of chronic small vessel ischemic disease, encephalomacia with gliosis of the right parieto-occipital region, consistent with chronic right PCA (posterior cerebral infact) territory infarct." Id. These issues were unknown at the time of his criminal case.

Pursuant to 28 U.S.C. § 2255, a prisoner may file a motion challenging the sentence imposed by a federal court "if (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence 'is otherwise subject to collateral attack.'" Beyle v. United States, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017) (quoting 28 U.S.C. § 2255(a)). "A sentence is 'otherwise subject to collateral attack' if a petitioner shows that the proceedings suffered from 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. (quoting United States v. Addonizio, 442 U.S. 178, 185 (1979)). "A petitioner bears the burden of proving one of those grounds by a preponderance of the evidence." Id. (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)). "If he satisfies that burden, the court may vacate, set aside, or correct the sentence." Id. (citing 28 U.S.C. § 2255(b)). "However, if the motion, when viewed against the

RUSSELL CARY OWENS                                   1:16-CR-61, 1:25-CV-70

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION, OVERRULING OBJECTIONS, AND
DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2255**

record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion." Id. (citing Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970)).

The Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

## A.    Appointment of Counsel

The United States Court of Appeals for the Fourth Circuit has recognized that "[t]here is no right to counsel in post-conviction proceedings."  Hagie v. Pinion, 995 F.2d 1062 (4th Cir. 1993) (unpublished) (citing Pennsylvania v. Finley, 481 U.S. 551, 556–57 (1987)).  The Court agrees with the Magistrate Judge on this question, finds that the appointment of counsel is not warranted in this case, and denies the motion to appoint counsel.

## B.    Ineffective Assistance

Criminal defendants have a right to effective legal assistance under the Sixth Amendment to the United States Constitution.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  To establish that counsel's assistance was not reasonably effective, a petitioner must satisfy a two-pronged analysis. First, he must show that counsel's performance fell below an

6

**RUSSELL CARY OWENS**                                                        **1:16-CR-61, 1:25-CV-70**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION, OVERRULING OBJECTIONS, AND
DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2255**

objective standard of reasonableness.  Id. at 669.  Second, he must show that he was prejudiced by counsel's alleged deficient performance.  Id.

When considering the performance prong, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]"  Id. at 689. Whether representation fell below an objective standard of reasonableness is measured by "prevailing professional norms." Lewis v. Wheeler, 609 F.3d 291, 301 (4th Cir. 2010) (quoting Strickland, 466 U.S. at 688).  The court must judge counsel "on the facts of the particular case" and assess counsel's performance "from counsel's perspective at the time."  Strickland, 466 U.S. at 689-90.  "Judicial scrutiny of counsel's performance must be highly deferential[.]"  Id. at 689.  A court must consider "the practical limitations and tactical decisions that trial counsel faced." Bunch v. Thompson, 949 F.2d 1354, 1363 (4th Cir. 1991).

To satisfy the prejudice prong, a petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id.  If it is clear that a petitioner has failed to

7

RUSSELL CARY OWENS                                    1:16-CR-61, 1:25-CV-70

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION, OVERRULING OBJECTIONS, AND
DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2255**

satisfy either prong under Strickland, a court need not inquire into whether he satisfied the other.

Here, the Court concludes that Owens's counsel's performance did not fall below an objective standard of reasonableness by failing to discover evidence of Owens's psychological and neurological conditions. As Owens points out, his psychological and neurological deficits were unknown prior to the filing of the Petition, and Owens admits that they "could not have been presented at the time of trial or sentencing." ECF No. 61 at 7, 14. Owens's Presentence Investigation Report, which the parties had an opportunity to review and which was adopted by the Court, indicates that Owens had no reported history of mental or emotional issues or history of treatment. See PSR, ECF No. 40, at ¶ 89. There is not a sufficient record before the Court to show that reasonable counsel should have been on notice that Owens might have mental or neurological issues that were relevant to his plea or sentencing.

Further, the Court agrees with the Magistrate Judge that even if Owens could show that counsel was on notice of his psychological and neurological issues, the Petition should still be dismissed. The unknown nature of Owens's diagnoses is the reason why his Petition fails and also the only reason why his Petition could be considered timely. Owens is aware that the Petition was filed

8

RUSSELL CARY OWENS                                    1:16-CR-61, 1:25-CV-70

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION, OVERRULING OBJECTIONS, AND
DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2255**

over one year after his conviction became final, and he is relying upon his diagnoses as recently-discovered evidence in order to pursue relief under 28 U.S.C. § 2255(f)(4).  Thus, Owens's claim is self-defeating: if he could show that counsel could have discovered these issues prior to sentencing, then "the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence" before sentencing, and his Petition would be untimely.  For all of these reasons, the Petition must be denied and dismissed.

### IV.  CONCLUSION

For the reasons discussed, the Court **ORDERS** as follows:

- The R&R is **ADOPTED** [ECF No. 62 in 1:16-CR-61; ECF No. 5 in 1:25-CV-70];

- The motion to appoint counsel is **DENIED** [ECF No. 56 in 1:16-CR-61];

- The motion to exceed page limitations is **GRANTED** [ECF No. 67 in 1:16-CR-61; ECF No. 8 in 1:25-CV-70];

- Owens's objections are **OVERRULED** [ECF No. 68 in 1:16-CR-61; ECF No. 9 in 1:25-CV-70];

- The Petition is **DENIED** and **DISMISSED** with prejudice [ECF No. 52 in 1:16-CR-61; ECF No. 1 in 1:25-CV-70];

- Case No. 1:25-CV-70 is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket; and

RUSSELL CARY OWENS                              1:16-CR-61, 1:25-CV-70

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION, OVERRULING OBJECTIONS, AND
DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2255**

- The Clerk **SHALL** enter a separate judgment order in favor of the United States in 1:25-CV-70.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "If the Court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Id. The Court finds it inappropriate to issue a certificate of appealability in this matter because Owens has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). The Court, therefore, **DENIES** issuing a certificate of appealability.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record by email and to Owens by certified mail, return receipt requested.

DATED: July 7, 2026

*Tom S Kleeh*

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

10